**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| TERRELL L. VAUSE | ) | |
| | ) | |
| Plaintiff, | ) | No. <u>2:23-cv-1921</u> |
| | ) | |
| vs. | ) | |
| | ) | |
| ALLEGHENY COUNTY | ) | |
| SANITARY AUTHORITY, | ) | **Jury Trial Demanded** |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | Complaint in CIVIL ACTION |

## COMPLAINT IN CIVIL ACTION

### INTRODUCTION

1. Plaintiff Terrell L. Vause ("Ms. Vause"), a white employee, files this Complaint under the provisions of the Pennsylvania Human Relation Act, 43 P.S. 951, *et seq*., the American Disabilities Act of 1990 ("ADEA"), 42 U.S.C. and Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e, *et seq*.

2. This Complaint alleges that Defendant Allegheny County Sanitary Authority ("Defendant"), Ms. Vause's former employer fired her on account of her race and disability in violation of the U.S. Constitution and federal and state law which protect her from discrimination.

3. Ms. Vause was hired by Defendant on March 16, 2015 as an entry level custodian and experienced various forms of discrimination until she was ultimately terminated on December 14, 2021.

4. Ms. Vause contends that Defendant terminated her in retaliation for raising claims of her disability in violation of the Americans with Disabilities Act and applicable state law.

5.      Ms. Vause as placed on mandatory leave by Defendant and subsequently agreed with Defendant to provide Defendant with EAP release forms and a fitness for duty form prior to returning back to work.

6.      Ms. Vause was terminated from employment prior to providing Defendant with EAP release forms while treating for her disability while on leave.

7.      Ms. Vause was terminated by Defendant while on leave when her African-American coworkers took medical leave and were not terminated while they were on leave.

## JURISDICTION AND VENUE

8.       The jurisdiction of this Court is invoked pursuant to 28 U.S.C.§§ 451, 1331,1343 and 1345, and upon the doctrine of pendant and/or supplemental jurisdiction over any state law claims.

9.      All of the violations of Plaintiff's rights alleged contained herein occurred within the Western District of Pennsylvania.  Venue is, therefore, properly in the Western District of Pennsylvania under 28 USC § 1391(b) and (c).

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

10.     Prior to filing this lawsuit, Ms. Vause has pursued and exhausted her administrative remedies under the Pennsylvania Human Relations Act ("PHRA") and the ADA by dual filing a charge of discrimination with the Pittsburgh office of the Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging discrimination on the basis of her disability, race, age and religion. *See* EEOC Charge of Discrimination, attached as *Exhibit 1*.

11.     The EEOC issued her Right To Sue letter ("Right to Sue") and the letter was post-marked on August 4, 2023.  Plaintiff received the letter in the mail on August 8, 2023.  Plaintiff timely

filed the above -captioned action on before 90 days from receipt of the Right to Sue that the EEOC issued. See *Exhibit 2*.

## PARTIES

12.    Ms. Vause is an adult individual, over the age of 40 and residing in Allegheny County, Pennsylvania.

13.    At all times relevant hereto, Ms. Vause was an employee of Defendant.

14.    Defendant, Allegheny County Sanitary Authority d/b/a Alcosan ("Defendant"), is a Pennsylvania municipal authority located at 3300 Preble Avenue, Pittsburgh, Pennsylvania 15233.

15.    At material relevant times herein, Defendant was an "employer" that term has been defined in the applicable statutes and acted by and through its duly authorized agents, assignees and/or employees, who were then and there acting within the course of and scope of their employment.

16.    Ms. Vause was employed by Defendant from March, 16 2015 and was terminated on December 14, 2021.

## STATEMENT OF FACTS

17.    Ms. Vause was hired by Defendant on or about March 16, 2015 as an entry level position of custodian.

18.    On or about March of 2019, Ms. Vause was requested to become a contract clerk within Defendant's engineering department. The duties within the contract clerk were to assemble contracts so that they could be issued by Defendant for the purposed of procuring services and various goods.

19.     On or about June 21, 2020, Ms. Vause began her role as an account adjuster which was a customer service position.

20.     Ms. Vause and the Arleta Willias (Ms. Williams"), the Chief Executive Officer ("CEO"), of Defendant, had various conflicts throughout Ms. Vause's employment.  Ms. Vause was written up for job performance issues and job behavior problems.

21.     On or about April of 2021, Ms. Vause began filing multiple complaints against Ms. Williams.

22.     The April 2021 grievance was referred to Defendant's Employee Assistance Program (EAP).

23.     Ms. Vause was referred to the Defendant's Employee Assistance program (EAP) and Ms. Williams concluded that Ms. Vause's behavior required that she be sent for an examination for fitness for duty.

24.     Upon information and belief, Ms. Williams required that Ms. Vause be placed on leave and would not allow Ms. Vause to return to work until she provided Defendant with a fitness for duty evaluation by a licensed psychiatrist.

25.     Defendant required that Ms. Vause be evaluated by Dr. Robert Wettstein, a board-certified psychiatrist that was scheduled for May 27, 2021.

26.     Ms. Vause resisted the required fitness for duty for evaluation and she was placed on paid leave on June 16, 2021 after accusing Ms. Williams of unethical behavior and lying.

27.     Upon information and belief, Defendant concluded that a fitness for duty evaluation was required because of Ms. Vause's behavior based on an untreated mental disability.

28.     Ms. Vause filed two EEOC Complaints against Defendant and filed multiple grievances against Defendant.  Subsequently, the parties came to an agreement involving their disputes on or about August of 2021.

29.     In August of 2021, Ms. Vause agreed to submit to a fitness for duty prior to returning to work while Ms. Vause remained on paid leave.

30.     On October 12, 2021, Ms. Vause submitted to an evaluation through the EAP by Dr. Mark Matta, a board-certified psychiatrist.  Dr. Matta evaluated Ms. Vause and determined that she was not fit for duty. and submitted his report directly to Defendant in which he opined that did not have the ability to perform her occupational duties with a reasonable skill and safety as a result of her mental illness.

31.     On or about October 25, 2021 Defendant submitted a copy of Dr. Matta's report to Ms. Vause which she saw for the first time and desired to obtain a second opinion.

32.     Defendant stated the reason for the termination was that Ms. Vause failed to provide a release to Defendant's EAP provider in agreement made between Ms. Vause and Defendant in August of 2021 for the purposes of monitoring compliance with treatment related to her disability.

33.     On November 19, 2021, Defendant notified Ms. Vause that she failed to provide a release to Defendant's Eap provider for the purposes of monitoring Ms. Vause's treatment.

34.     Defendant enclosed a new release form for EAP and instructed that Ms. Vause had until December 13, 2021 to provide the signed release form but did not inform Ms. Vause the consequences of not providing EAP release forms.

35.     Ms. Vause was terminated from her position without cause on December 14, 2021 when other African Americans were able to keep their jobs while coming back from leave.

36. Ms. Vause did not knowingly commit any misconduct during her employment and any performance issues were the result of an untreated mental illness.

37. Defendant was unjustified in terminating Ms. Vause from her employmen while she was placed on leave to treat her disability.

38. Defendant did not enter any communication that Ms. Vause was to be terminated from employment if she did not provide

39. On October 12, 2021 Ms. Vause was informed that she would be allowed to return to work once her treating psychiatrist certified that she was fit to return.

40. Ms. Vause on November 1, 2021 notified Defendant who she had selected as her treatment provider.

41. On December 14, 2021 Ms. Vause was given notice that she was terminated for failing to provide medical release forms to the EAP provider.

42. On or about March 24, 2021, employees Jennifer Jackson and Debra Larue who are both African American were on medical leave.  However, they were not required to

43. Upon information and belief, African American employees were on medical leave and they did not lose their job.

## COUNT 1I- AMERICAN DISABILITIES ACT OF 1990
(42 U.S.C § 12101)

44. Plaintiff incorporates the above paragraph as if full set forth herein.

45. Pursuant to the foregoing paragraphs, Defendant engaged in unlawful employment practices in violation of the ADEA.

46. Ms. Vause was engaged in a protected activity when she filed a charge of disability discrimination with the EEOC on around September 16, 2021.

47.    Defendant took an adverse action by terminating Ms. Vause's employment on December 14, 2023 as it related to her protected activity.

48.    Defendant's actions in terminating Ms. Vause from her employment was related to her Ms. Vause awaiting physician reports.

49.    Ms. Vause on December 14, 2023 was in the midst of exercising her ability to seek a second opinion which related to her medical leave when Defendant's actions cause Ms. Vause to lose the enjoyment of being employed.

50.    Defendant interfered with Ms. Vause's right that was protected by federal statue when she sought additional physicians.

51.    Defendant's action of terminating Ms. Vause was within 3 months of Ms. Vause alleging disability discrimination

52.    Ms. Vause suffered injury as a proxime cause of Defendant's actions when terminating Ms. Vause's employment.

53.    Defendant violated the ADEA by interfering with Ms. Vause's rights by discriminating and/ or retaliating against Ms. Vause for exercising her rights including:

    a.    Violating Ms. Vause's right to reinstatement to her position when Ms. Vause was never given notice of Defendant's adverse termination action.

    b.    Requiring a fitness ford for duty certification to return to work from intermittent leave;

    c.    Requiring Ms. Vause to obtain additional medical certification and sign EAP releases as a condition of her employment and terminating her employment without giving a specific time frame nor notice of the adverse action.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment in her favor for lost wages, compensatory damages, punitive damages, attorney's fees, costs and such other relief as this Court deems appropriate and equitable under the circumstances.

### COUNT III- TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
(42 U.S.C. 2000e, et seq.)

54.     Plaintiff incorporates the above paragraphs as if full set forth herein.

55.     Based on the foregoing Ms. Vause alleges that Defendant subjected her to discrimination on the basis of race in violation of Title VII of the Civil Rights act of 1964, 42 U.S.C. 2000e, *et seq*, by subjecting her to being terminated from her job and subjecting her to multiple job reassignments to which it did not subject her black counterparts and/or failing to provide her with an opportunity to return from leave without being terminated from employment which it granted black employees.

56.     Based on the foregoing, Mr. Vause alleges that Defendant subjected her to discrimination violation of Title VII of the Civil Rights act of 1964 based on race by retaliating against her for opposing race discrimination in her employment.

WHEREFORE, Ms. Vause requests that this Honorable Court enter judgement in her favor for lost wages, compensatory damages, punitive damages, attorney's fees, costs and such other relief as this Court deems appropriate and equitable under the circumstances.

### PRAYER FOR RELIEF

WHEREFORE, the Plaintiff requests that this Honorable Court enter judgment in her favor as follows:

   a. For compensatory in an amount to be proven at trial;

   b. For general and special damages in amount to be proven at trial;

c.      Declare that Defendant's actions violated Plaintiff's rights under the ADA;

d.      Award Plaintiff punitive damages against Defendant;

e.      Costs of litigation, including reasonable attorney's fees; and

f.      For such other relief as the court may deem just and proper.

**PLAINTIFF HEREBY DEMANDS A JURY TRIAL.**

**LAW OFFICES OF WALTER A. BERNARD, PLLC**

BY: */s/ Walter A. Bernard*
Walter A. Bernard, Esquire
Supreme Court I.D. No 321994

100 S Commons Suite 102
Pittsburgh, PA 15212
412.206.9498
Counsel for the Plaintiff:
*Terrell L Vause*

9